UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MIRANDA TAIT** | **CASE NO.  6:20-CV-00702** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **PRINCIPAL LIFE INSURANCE CO.** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) Motion to Dismiss filed by Principal Life Insurance Company of America. (Rec. Doc. 7). Plaintiff, Miranda Tait, opposed the Motion (Rec. Doc. 13), and Principal replied (Rec. Doc. 14). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Principal's Motion be GRANTED.

## Factual Background

Plaintiff filed this suit seeking long term disability benefits from the group long term disability policy issued by Principal to Plaintiff's employer, the Advocacy Center. According to the Complaint, Plaintiff was diagnosed in 2018 with neurosarcoidosis, a neurodegenerative disease affecting her central nervous system, which caused depression, anxiety, limitation of cognitive abilities, hearing loss,

headaches, speech problems, mood swings, memory loss, dementia, and vision impairments. (Rec. Doc. 1, ¶5). She alleged that her disease worsened throughout 2018, and that she became unable to perform any part of her job on December 31, 2018. (Rec. Doc. 1, ¶6). She alleged that "her employer abruptly canceled her policy, effective at midnight on December 31, 2018," and that Principal denied her claim for benefits on the grounds that coverage had terminated. (Rec. Doc. 1, ¶10-11). Plaintiff seeks to recover benefits pursuant to 29 U.S.C. §1132(a)(1)(B), and alternatively, pursuant to 29 U.S.C. §1132(a)(3).

Notably, Plaintiff filed a separate lawsuit against MONY Life Insurance Company seeking to recover long term disability benefits from its policy, also issued to the Advocacy Center, with an effective date of January 1, 2019. (Docket No. 20-cv-00704; Rec. Doc. 6; 8). In the MONY suit, Plaintiff asserts that she last worked at the Advocacy Center on December 31, 2018, at which time she "performed the regular and general duties as an attorney in the 'usual way' for the 'usual number of hours.'" (*Id.*)

Principal filed the instant Motion on the grounds that, by Plaintiff's own admissions in her MONY suit, she was not disabled on December 31, 2018, the last effective day of Principal's policy.

## Law and Analysis

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555

3

(quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Principal contends Plaintiff was not disabled under the terms of the policy as of the last effective date of coverage, December 31, 2018, based on Plaintiff's admission in her MONY suit that she was "actively at work" and had "performed the regular and general duties as an attorney in the 'usual way' for the usual number of hours'" on that date. Plaintiff argues that her disability was ongoing throughout 2018, and that after she left work at the end of the day on December 31, 2018, she became disabled, such that she qualified for benefits under the Principal policy. It is undisputed that the Principal policy expired at midnight on December 31, 2018. (Rec. Doc. 1, ¶10; Rec. Doc. 7-1, p. 5). Therefore, whether Plaintiff was disabled under the terms of the policy prior to that time, and was thus eligible for coverage, turns on an interpretation of the Principal policy.

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). Plaintiff quoted large portions of the Principal policy in her Complaint, and the policy is essential to her claim for

benefits. Thus, the Court finds that consideration of the policy, which is attached to Principal's Motion, is proper.

The Principal policy provides disability benefits if, as applicable here, (a) the member is disabled under the terms of the policy; and (b) the disability begins while the member is insured under the policy. (Rec. Doc. 7-4, p. 40). A member is considered disabled under the terms of the policy "if, solely and directly because of sickness…during the Elimination Period[1] and the Own Occupation Period, one of the following applies:

    a. The Member cannot perform the majority of the Substantial and Material Duties of his or her Own Occupation.

    b. The Member is performing the duties of his or her Own Occupation on a Modified Basis or any occupation and is unable to earn more than 80% of his or her Indexed Predisability Earnings.

After completing the Elimination Period and the Own Occupation Period, one of the following applies:

    a. The Member cannot perform the majority of the Substantial and Material Duties of any occupation for which he or she is or may reasonably become qualified based on education, training, or experience and which provides substantially the same earning capacity as prior to the start of the Disability.

    b. The Member is performing the Substantial and Material Duties of his or her Own Occupation or any occupation on a Modified Basis and is unable to earn more than 80% of his or her Indexed Predisability Earnings."

---

[1] "The period of time a Member must be Disabled before benefits begin to accrue." (Rec. Doc. 7-4, p. 13-14). In this case, the Elimination Period is 90 days.

(Rec. Doc. 7-4, p. 12-13).

"Substantial and Material Duties" are "[t]he essential tasks generally required by employers from those engaged in a particular occupation that cannot be modified or omitted. If a Member routinely works on average 40 hours or more per week, The Principal will consider the Member able to perform the Substantial and Material Duties of an occupation if he or she is working, or has the capacity to work, 40 hours per week." (Rec. Doc. 7-4, p. 22). "Own Occupation" is "[t]he occupation the Member is routinely performing when Disability begins." It "does not mean the specific tasks or job the Member is performing for the Policyholder or at a specific location." (Rec. Doc. 7-4, p. 19).

Principal urges the Court to take judicial notice of Plaintiff's factual allegations in her MONY suit. In ruling on a Rule 12(b)(6) motion to dismiss, the Court is permitted to take judicial notice of public records. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011), citing *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir.2007). Hence, the Court will take judicial notice of Plaintiff's factual allegations in her complaint of *Tait v. MONY Life Insurance Company*, Docket No 20-cv-00704, Rec. Doc. 1. Plaintiff alleged therein that she was "actively at work" on December 31, 2018. (No. 20-cv-00704, Rec. Doc. 1, ¶8). According to the MONY complaint, the MONY policy defined "actively at work" as "at work with the Employer on a day that is one of the Employer's scheduled workdays[, and o]n

6

that day, You must be performing for wage or profit all of the regular duties of Your Occupation: (1) in the usual way; and (2) For your usual number of hours." (No. 20-cv-00704, Rec. Doc. 1, ¶7). Plaintiff alleged in the MONY suit that she "performed the regular and general duties as an attorney in the 'usual way' for the 'usual number of hours'" on December 31, 2018. (No. 20-cv-00704, Rec. Doc. 1, ¶8).

The Court finds that Plaintiff's admissions in the MONY suit preclude her from claiming to have been disabled under the terms of the Principal policy on the last effective date of the Principal policy. Plaintiff argues that she became disabled after she left work on December 31, 2018 but before midnight, when Principal's policy expired. The policy language does not support an hourly parsing of the ability to work as Plaintiff urges. Indeed, the Principal policy explicitly contemplates a 40-hour work week, which is commonly understood to encompass five eight-hour days, especially for professionals, such as attorneys.[2] Professionals, such as attorneys, do not typically contemplate working afterhours on New Year's Eve. The Principal policy should not be interpreted otherwise.

Plaintiff further argues that, because she was diagnosed with and treated for her disabling condition throughout 2018, during Principal's policy period, she is entitled to benefits. However, the trigger for payment of benefits under the terms of

---

[2] The Court may take judicial notice of such commonly understood facts. See *Funk, supra*, discussing F.R.E. Rule 201(b).

the Principal policy is not diagnoses and treatment of a disabling condition, but rather, the inability to perform the majority of one's substantial and material duties. (Rec. Doc. 7-4, p. 12-13; 22). Plaintiff's allegations in the MONY suit that she performed her regular and general duties as an attorney on December 31, 2018 forecloses any argument that she was unable to perform the majority of her substantial and material duties on that day. Hence, the Court finds that Plaintiff failed to state a claim for benefits against Principal, whose policy expired on the last day Plaintiff admitted working full time.

## Conclusion

For the reasons discussed herein, the Court recommends that Principal Life Insurance Company's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

   THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of October, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE