UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MIRANDA TAIT

CASE NO.  6:20-CV-00702

VERSUS

JUDGE ROBERT R. SUMMERHAYS

PRINCIPAL LIFE INSURANCE
COMPANY, ET AL.

MAGISTRATE JUDGE WHITEHURST

## RULING ON OBJECTIONS

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by

Defendant Principal Life Insurance Company ("Principal"). [ECF No. 7]. Pursuant to its motion,

Principal seeks dismissal of Plaintiff Miranda Tait's claim for long term disability benefits,

asserting Plaintiff's "alleged disability commenced after the expiration" of Principal's policy. *Id.*

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending Principal's

motion be granted. [ECF No. 18]. Plaintiff has filed objections to the R&R [ECF No. 19], and

Principal has responded [ECF No. 20]. For the reasons set forth below, the Court DECLINES to

adopt the recommendation of the Magistrate Judge.

Plaintiff brings this suit against Principal, seeking long-term disability benefits as provided

in a group long term disability policy issued by Principal to Plaintiff's employer, the Advocacy

Center.[1] [ECF No. 1]. According to the Complaint, in 2018, Plaintiff was diagnosed with

neurosarcoidosis, a "life-threatening neurodegenerative disease" which affects Petitioner's central

nervous system, limits her cognitive abilities and causes hearing loss, headaches, speech problems,

mood swings, anxiety, depression, memory loss, dementia, and vision impairments. *Id.* at ¶ 5.

Plaintiff alleges that throughout 2018, her disease worsened and her last day of work was

---

[1] Alternatively, Plaintiff seeks damages from Principal for breach of fiduciary duty. [ECF No. 1 at ¶ 18].

December 31, 2018. *Id.* at ¶ 6. According to Plaintiff, on that day she "was in utter misery from her disabilities, [and] worked from home in her bed and couch. . . ." [ECF No. 19 at 14]. At some point after work but prior to midnight, Plaintiff "became literally bedridden, was disabled and could not work." *Id.* On January 31, 2019, Plaintiff filed a claim for long term disability benefits. [ECF No. 1 at ¶ 6]. On February 11, 2019, Principal denied Plaintiff's claim on the basis that Plaintiff did not become disabled until after her coverage terminated. *Id.* at ¶ 9.

On the same day this suit was filed, Plaintiff also filed suit against MONY Life Insurance seeking long term disability benefits under its policy. The MONY policy was obtained by the Advocacy Center to replace Principal's policy and had an effective date of January 1, 2019. ECF No. 7-5; *Tait v. MONY Life Ins. Co. of N. America, et al.*, Docket No. 20-704, ECF No. 1. In the MONY suit, Plaintiff alleges that she last worked at the Advocacy Center on December 31, 2018, and on that day she "performed the regular and general duties as an attorney in the 'usual way' for the 'usual number of hours.'" *Id.* at ¶¶ 6, 8. Based upon the allegations in the MONY suit, Principal filed a Motion to Dismiss Plaintiff's claim for long-term disability benefits, arguing that because Plaintiff was able to perform her regular duties for the regular number of hours on the last day Principal's policy was in effect, Plaintiff's disability did not commence until after the expiration of Principal's policy. [ECF No. 7 at 1]. Stated differently, because Plaintiff asserts "that her symptoms manifested ***after work*** on December 31, 2018," she is not covered under Principal's policy. [ECF No. 20 at 2]. According to Principal, Plaintiff's allegation in the MONY suit that she was able to work on December 31, 2018 "necessarily means she was not prevented from performing any of the duties of her position during the time she was covered under the policy [issued by Principal]." *Id.*

Page 2 of 5

The motion was referred to the Magistrate Judge for R&R. [ECF No. 10]. The Magistrate Judge found that it is undisputed that Principal's policy expired at midnight on December 31, 2018, and therefore "whether Plaintiff was disabled under the terms of the policy prior to that time, and was thus eligible for coverage, turns on an interpretation of the Principal policy." [ECF No. 18 at 4]. The Magistrate Judge then found that Plaintiff was not eligible for coverage because her disability did not begin while she was insured by Principal, reasoning:

> The Court finds that Plaintiff's admissions in the MONY suit preclude her from claiming to have been disabled under the terms of the Principal policy on the last effective date of the Principal policy. Plaintiff argues that she became disabled after she left work on December 31, 2018 but before midnight, when Principal's policy expired. The policy language does not support an hourly parsing of the ability to work as Plaintiff urges. Indeed, the Principal policy explicitly contemplates a 40-hour work week, which is commonly understood to encompass five eight-hour days, especially for professionals, such as attorneys. [FN2] Professionals, such as attorneys, do not typically contemplate working afterhours on New Year's Eve. The Principal policy should not be interpreted otherwise.
>
> [FN2] The Court may take judicial notice of such commonly understood facts.

*Id.* at 7 (citation omitted). Based upon this analysis, the Magistrate Judge recommended that the Court find Tait "failed to state a claim for benefits against Principal, whose policy expired on the last day Plaintiff admitted working full time." *Id.* at 8. Plaintiff objects to the R&R.

The Court finds Principal has not carried its burden and shown that Plaintiff failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Here, all parties agree the Principal policy expired at midnight on December 31, 2018. [ECF No. 1 at ¶ 10; ECF No. 7-1 at 5, 14]. Plaintiff alleges that on that day, after she finished working but prior to midnight, her condition deteriorated such that she became disabled as defined under the Principal policy. [ECF No. 13 at 16]. Principal contends that because Plaintiff was able to work in the "usual way" for the "usual number of hours" on December 31, 2018, she was not disabled on that day "under the plain

language of the policy," and therefore the Principal policy affords her no coverage. [ECF No. 20 at 5].

The Court disagrees. While on the one hand Principal agrees its policy did not terminate until midnight on December 31, 2018, on the other hand it necessarily argues coverage ended prior to that time—i.e., at the moment Plaintiff completed her work that day. The plain language of the policy does not support Principal's interpretation. As pertinent here, the policy provides that it terminates on "the date this Group Policy is terminated." [ECF No. 7-4 at 37. The policy further provides that termination of insurance due to termination of the Group Policy "will not affect a Member's rights to benefits, if any, for a Disability that begins while the Member's insurance is in force under this Group Policy." *Id.* Here, all parties agree the policy terminated at midnight on December 31, 2018, and Plaintiff has alleged that she became disabled prior to that time. The Second Circuit addressed a similar issue in *Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375 (2d Cir. 2002). There, an insured brought suit against a group long term disability insurer under ERISA for wrongful denial of benefits due to injuries sustained in a fall that occurred after the insured left work on her last day of employment. *Id.* at 377-78. The insurer denied coverage, finding plaintiff was no longer a covered employee. *Id.* at 378. According to the insurer, because plaintiff was injured after work on the last day of her employment, her policy coverage "ended when she walked out her employer's door for the last time." *Id.* at 379. The Second Circuit disagreed, finding that plaintiff's "coverage continued through the whole of her last day of active employment, rather than ending when she walked out of [her employer's] door for the last time. Indeed, [the insurer's] proposed coverage cut-off point seems the less reasonable construction of the policy, albeit the one most favorable to it." *Id.* at 380; *accord Newman v. UNUM Life Ins. Co. of Am.*, 99 C 7420, 2000 WL 1593443, *3-4 (N.D. Ill. Oct. 23, 2000); *Maxwell v. Metro. Life Ins. Co.*, 5:05-CV-

0817GTS/GJD, 2009 WL 2868234, at *5, 10 (N.D.N.Y. Sept. 1, 2009). Likewise, the undersigned

finds Principal has not shown, as a matter of contractual interpretation, that its policy terminated

at the moment Plaintiff finished work on December 31, 2018, sometime *prior* to midnight.

Accordingly, Plaintiff's objections to the Report and Recommendation are GRANTED,

and Principal's Motion to Dismiss [ECF No. 7] is DENIED.

THUS DONE in Chambers on this ___31st___ day of March, 2021.


_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE